IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVE ANDERSON, BRYAN FLAKE, SPENCER HOGUE, JIM JACKETTA, MATT OGLESBY, BRITT MILLER, JESSICA PRATHER, MARK SCHAEFER, & JIM STONE, as TRUSTEES OF THE UTAH-IDAHO TEAMSTERS SECURITY FUND, <br><br> Plaintiffs, <br> v. <br><br> UNIVERSITY OF UTAH, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING KYLE MIXON'S MOTION TO INTERVENE <br><br><br> Case No. 2:17-CV-950 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Kyle Mixon's (Mixon) Motion to Intervene. For the following reasons, the Court will grant Mixon's Motion.

I. BACKGROUND

Plaintiffs are the Trustees of the Utah-Idaho Teamsters Security Fund, which covers the benefit plan at issue (the "Plan"); a self-funded "employee welfare benefit plan" as defined in 29 U.S.C. §1002(1) and covered under the Employee Income Security Act of 1974 ("ERISA") pursuant to 29 U.S.C. §1003(a).

On September 28, 2014, Mixon, a beneficiary of the Plan, was injured in an accident involving Patricia Headley ("Headley"). Mixon was treated by Defendant, University of Utah Hospital, and the Plan paid all of the covered claims submitted by Defendant, totaling more than $300,000.

1

Following proceedings brought by Mixon against Headley, Headley's insurance company, Farmers Insurance Company ("Farmers"), has agreed to pay $100,000 in insurance policy limits to settle Mixon's claims against Headley. Plaintiffs and Defendant both claim an interest in the $100,000, but Farmers will not disburse the $100,000 until a determination is made as to who has first rights.

Due to these disagreements and Farmers' reluctance to distribute the $100,000 until a judgment is given, Plaintiffs filed this action requesting a declaration that:

> (1) the Utah Hospital Lien Statute and Defendant's Amended Hospital Lien filed pursuant thereto 'relate to' the Security Fund and are contrary to and interfere with Plaintiffs' subrogation rights under the Trust Agreement, and are therefore expressly preempted pursuant to 29 U.S.C. § 1144(a);
> (2) Plaintiffs' subrogation rights as set forth in the Trust Agreement are not subject to the Utah Hospital Lien Statute or the Amended Hospital Lien Statute or the Amended Hospital Lien and such subrogation rights have priority over any interest or claim Defendant may assert under the Amended Hospital Lien in the amount of $100,000.[1]

Defendant responded with a Motion to Dismiss and Mixon subsequently filed his Motion to Intervene.

## II. DISCUSSION

### A. *Intervention as a Matter of Right*

Under Federal Rule of Civil Procedure 24, a movant may intervene as a matter of right or through permissive intervention. There are two situations which allow a movant to intervene as a matter of right. The first is when a movant "is given an unconditional right to intervene by a federal statute,"[2] and the second is when a movant satisfies four requirements.[3]

---

[1] Docket No. 2, at 7.
[2] Fed. R. Civ. P. 24(a)(1).
[3] *See Id.* at (a)(2); *see also U.S. v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009).

2

There is no federal statute granting Mixon the right to intervene, so Mixon may only intervene as a matter of right if: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties."[4] These "factors . . . are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements."[5]

In this case, it is undisputed that Mixon's Motion is timely, so the Court moves to the next step of the analysis and considers Mixon's interest in the action.

1. Interest

"[T]he contours of the interest requirement have not been clearly defined," but "the interest must be direct, substantial, and legally protectable."[6] This "inquiry is highly fact-specific, and . . . the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[7]

Mixon argues that he has an interest in the decision regarding his rights to the $100,000 settlement since he was the one injured in the automobile accident and he is the one who

---

[4] *Albert*, 585 F.3d at 1391 (internal quotation marks omitted).
[5] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotations omitted).
[6] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (internal quotation marks omitted).
[7] *Id.* at 1251–52 (holding that a persistent record of advocacy for the protection of an owl amounted to a direct and substantial interest in a case where environmental organizations sought to intervene in a suit seeking to invalidate a Presidential proclamation establishing a national monument) (internal citations omitted).

3

incurred medical expenses and negotiated the agreement with Headley and Farmers.[8] Mixon also argues that he has an interest because, "[s]hould the Court rule in Plaintiffs' favor, Mixon will still be liable for Defendant's hospital lien. Should the Court rule in Defendant's favor, its lien will be paid by the settlement proceeds."[9] These facts alleged by Mixon are sufficient for the Court to find that Mixon does have a legally protectable interest in the declaratory judgment action brought by Plaintiffs.

2. Impairment

The next step is to decide whether disposition of the action may as a practical matter impair or impede Mixon's ability to protect that interest. The Tenth Circuit has held that the issue of impairment is a "minimal burden" placed on the movant "to show that impairment of their interests is possible if leave to intervene is not granted."[10] "Litigation impairs a third party's interests when the resolution of the legal questions in the case effectively foreclose the rights of the proposed intervenor in later proceedings, whether through *res judicata,* collateral estoppel, or *stare decisis*."[11]

Defendant argues that "[a]ny action this court takes will not impair or impede Mixon's interest in the Farmer's proceeds because he already subrogated his rights to any funds not due

---

[8] Docket No. 17, at 6.
[9] Docket No. 28, at 2.
[10] *N. M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 540 F. App'x 877, 880 (10th Cir. 2013) (citing *WildEarth Guardians*, 604 F.3d at 1199).
[11] *Ute Distrib. Corp. v. Norton*, 43 F. App'x 272, 279 (10th Cir. 2002) (citing *Federal Deposit Ins. Corp. v. Jennings*, 816 F.2d 1488, 1492 (10th Cir. 1987)). "At minimum, the applicant must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Albert Inv. Co., Inc.*, 585 F.3d at 1392 (internal quotation marks omitted).

4

the Defendant to the Plaintiffs and any course of action this Court takes is independent of the claimed resulting injury."[12]

While a decision will affect the settlement distribution, disposition of either issue in this case will not, as a practical matter, impair or impede Mixon's ability to protect his interest as it will not foreclose Mixon's rights in later proceedings. A decision in favor of Defendant may pay Mixon's hospital bills, but Mixon subrogated any rights he has to the settlement offer, and no challenges regarding Mixon's rights to the settlement funds will be foreclosed by disposition of this case. Therefore, disposition of this case without Mixon's intervention does not impair or impede his ability to protect his interest, and Mixon may not intervene as a matter of right.

B. *Permissive Intervention*

In addition to intervention as a matter of right, a movant may seek permissive intervention under Rule 24(a)(2). There are two ways in which a party may be granted permissive intervention: when the movant "is given a conditional right to intervene by federal statute; or has a claim or defense that shares with the main action a common question of law or fact."[13]

There is no federal statute granting Mixon a conditional right to intervene. Therefore, the Court must consider whether the motion is timely,[14] the "claim or defense and the main action have a question of law or fact in common,"[15] and the "intervention will [not] unduly delay or prejudice the adjudication of the original parties' rights."[16] If these factors are met, it is up to the

---

[12] Docket No. 19, at 4.
[13] Fed. R. Civ. P. 24(b)(1).
[14] *Id.*
[15] *City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).
[16] Fed. R. Civ. P. 24(b)(3).

5

discretion of the court whether to grant Mixon permissive intervention.[17]

Mixon's Motion is timely and there is nothing to suggest that intervention will unduly delay or prejudice the original parties. Additionally, Mixon shares common questions of law and fact with the original parties in regard to the priority of settlement disbursement of any settlement funds that exist or may exist in the future. There is also the question of whether Farmers has or will distribute settlement funds since Mixon alleged in his Motion that it is still within his discretion to reject the settlement offer. Therefore, the Court finds that Mixon has met the requirements for permissive intervention.

### III. CONCLUSION

It is therefore

ORDERED that Kyle Mixon's Motion to Intervene (Docket No. 17) is GRANTED.

Dated this 14th day of December, 2017.

BY THE COURT:

_____
United States District Judge

---

[17] *Id.*