IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVE ANDERSON, BRYAN FLAKE, SPENCER HOGUE, JIM JACKETTA, MATT OGLESBY, BRITT MILLER, JESSICA PRATHER, MARK SCHAEFER, & JIM STONE, as TRUSTEES OF THE UTAH-IDAHO TEAMSTERS SECURITY FUND,<br><br>Plaintiffs,<br>v.<br><br>UNIVERSITY OF UTAH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REQUESTING SUPPLEMENTAL BRIEFING<br><br><br>Case No. 2:17-CV-950 TS<br><br>District Judge Ted Stewart |

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] To determine whether there is an "actual controversy" that is ripe for decision, the Court must decide whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[2] This inquiry "is intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[3]

---

[1] 28 U.S.C. § 2201(a).
[2] *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972) (quoting *Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).
[3] *Skull Valley Band of Goshute Indians v. Nielson*, 376 F.3d 1223, 1237 (10th Cir. 2004).

1

In the present action, Plaintiffs and Defendant both make arguments regarding preemption and priority in an attempt to determine the rights each party has in the $100,000 "that Farmers has tendered to Mixon . . . under the Insurance Policy to settle Mixon's claims against Headley."[4] However, Mixon represented in his Motion to Intervene that there is no more than an oral agreement to settle for $100,000 and that he can reject the offer at any time.[5] If Mixon's representations are true, then there may never be a settlement to which the subrogation provisions of Plaintiffs' benefit plan or Defendant's lien might apply, and the Court would be left issuing an advisory opinion rather than declaratory relief.

Therefore, the Court requests supplemental briefing on the ripeness of this action. The parties are directed to file supplemental briefing within twenty eight (28) days of this Order. The briefs should be limited to ten (10) pages.

SO ORDERED.

DATED this 14th day of December, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[4] Docket No. 2, ¶ 15.
[5] Docket No. 17, at 6.