IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVE ANDERSON, BRYAN FLAKE, SPENCER HOGUE, JIM JACKETTA, MATT OGLESBY, BRITT MILLER, JESSICA PRATHER, MARK SCHAEFER & JIM STONE, AS TRUSTEES OF THE UTAH-IDAHO TEAMSTERS SECURITY FUND,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF UTAH<br><br>Defendant,<br><br>and,<br><br>KYLE MIXON,<br><br>Intervenor. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT<br><br>Case No. 2:17-CV-950 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Amended Motion to Alter or Amend Judgment and Supporting Memorandum. For the reasons set forth below, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs are the named Trustee-Fiduciaries of the Utah-Idaho Teamsters Security Fund, which administer the employee benefit plan ("the Plan") at issue in this action. On September 28, 2014, Intervenor Kyle Mixon ("Mixon"), a "covered person" under the Plan, was seriously

1

injured in a car accident involving Patricia Headley ("Headley"). Mixon was treated by Defendant University of Utah Hospital ("Defendant").

Following the accident, Mixon brought several claims against Headley. Headley's insurance company, Farmers Insurance Company ("Farmers"), has allegedly agreed to pay $100,000 in insurance policy limits to settle Mixon's claims against Headley. Plaintiffs and Defendant both claim an interest in the $100,000. Plaintiffs claim that Farmers will not disperse the settlement funds until a determination as to who has first rights to the funds is reached. As a result, Plaintiffs filed an action for declaratory judgment in this Court.

On October 20, 2017, Mixon filed his motion to intervene, wherein he alleged that his agreement with Farmers to settle the claims in exchange for $100,000 was merely an oral agreement, and that "[he] has not signed a formal settlement agreement or release, nor has he received the settlement amount from Farmers."[1] The Court granted Mixon's motion to intervene on December 14, 2017. Additionally, in response to Mixon's representation that the settlement funds may not issue, the Court ordered supplemental briefing on whether the issues before the Court were fit for declaratory judgment.

On January 8, 2018, Plaintiffs amended their Complaint to include a request for the following declarations regarding Mixon:

> As to Mixon 1) that he has no rights in the $100,000.00 . . . and 2) Under the Plan Document, Plaintiffs have the independent rights to "sue, compromise, or settle" with third parties in their own names or in the name of . . . Mixon "to the full extent of the fringe benefit payments made to or on behalf of . . . Mixon."[2]

---

[1] Docket No. 17, at 2.

[2] Docket No. 39, at 3–4 (citations omitted).

On February 26, 2018, the Court issued a memorandum decision and order ("the February 26 Order") finding that the issue regarding the rights to the alleged settlement funds was not yet ripe for determination and declining to exercise discretionary jurisdiction over the remaining issue regarding Plaintiffs' rights to pursue claims against Headley. The Court entered judgment dismissing Plaintiffs' claims without prejudice on February 28, 2018.

On March 28, 2018, Plaintiffs filed a Motion to Amend/Correct Judgment and Memorandum in Support pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Motion requests that the Court "reconsider its decision to dismiss Plaintiffs' claims for declaratory relief against Mixon because the Court has misapprehended controlling law, and in order to correct clear error or prevent manifest injustice."[3] Plaintiffs do not challenge the Court's finding that a determination of which party has first rights to the settlement funds is not yet ripe, but do challenge the Court's decision not to exercise jurisdiction regarding Plaintiffs' right to independently settle with or bring suit against Headley under the Plan.

## II. DISCUSSION

Plaintiffs present their Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'"[4]

In the Court's February 26 Order, the Court declined to exercise its discretionary jurisdiction over the matter at issue upon consideration of the factors laid out in *State Farm Fire*

---

[3] Docket No. 52, at iii.

[4] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

& *Casualty Co. v. Mhoon*.[5] Plaintiffs argue that this reasoning erroneously assumes that the matter may be decided in state court. Plaintiffs explain that state courts do not have jurisdiction over claims that arise under ERISA. Therefore, Plaintiffs conclude that they would be prohibited from seeking recovery in any court without a determination of their rights under the Plan by this Court.

The Court's February 26 Order does not mention state court or make any ruling regarding the Court's subject matter jurisdiction. The Court only declined to exercise its jurisdiction under the Declaratory Judgment Act.[6] The Order, therefore, does not prohibit Plaintiffs from filing their claims in any United States District Court, as suggested by Plaintiffs.[7] However, because the Court did not fully appreciate the broad application of 29 U.S.C. §1132(a)(3)(B), the Court will grant the Motion.

Section 1132(a)(3)(B) provides, "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." The broad

---

[5] 31 F.3d 979 (10th Cir. 1994). The factors to be considered include "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*;' (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Id.* at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

[6] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.").

[7] Docket No. 52, at 2 ("The Court's Decision was largely based on its erroneous assumption that Plaintiffs' claims regarding both Defendant and Mixon can be decided in State Court. This is not true.").

language of this ERISA provision gives Plaintiffs the right to obtain a declaration of their rights under the Plan so that they may enforce the provision at issue. Further, such an action may only be brought in federal court.[8] Thus, the Court's declination of jurisdiction under the *Mhoon* factors was incorrect as to this one issue. The Court will grant Plaintiffs' Motion and reopen the case for the purpose of declaring whether or not the Plan grants Plaintiffs the right to pursue claims against Headley in their own name or in the name of Mixon.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Amend/Correct Judgment (Docket No. 52) is GRANTED. Plaintiffs are directed to file an amended complaint within fourteen (14) days asserting only the following claim for declaratory relief against Mixon:

> Plaintiffs are entitled under the Plan Document to sue, compromise, or settle with Headley and Farmers in either their own names or in [Mixon's] name to the full extent of the fringe benefit payments made to or on behalf of the . . . and that [Mixon] shall cooperate with Plaintiffs in any suit brought by or on behalf of them against Headley and/or Farmers.[9]

It is further ORDERED that the Clerk of the Court vacate the Judgment (Docket No. 50) and reopen the case for further proceedings.

DATED this 8th day of May, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] 29 U.S.C. § 1132(e)(1).

[9] Docket No. 35, at 12.